# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | 12-md-02311 |
| | Honorable Marianne O. Battani |
| **In Re: BEARINGS CASES** | 2:14-cv-12095-MOB-MKM |
| | |
| **THIS RELATES TO:** | |
| | |
| **STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS,** | |
| | |
| **Plaintiff,** | |
| | |
| **v.** | |
| | |
| **NSK LTD., NSK AMERICAS, INC., NTN CORPORATION, NTN USA CORPORATION, JTEKT CORPORATION, KOYO CORPORATION OF U.S.A., AB SKF, SKF USA INC., SCHAEFFLER AG, and SCHAEFFLER GROUP USA INC.,** | |
| | |
| **Defendants** | |

## SCHAEFFLER AG'S MOTION TO DISMISS THE STATE OF FLORIDA'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Schaeffler AG respectfully moves to dismiss with prejudice all claims in the State of Florida Complaint, Dkt. No. 1, No. 2:14-cv-12095-MOB-MKM (May 27, 2014) ("Florida Complaint" or "Complaint"). In support of this Motion, Schaeffler AG states as follows:

1.      In its Opinion and Order, *In re Automotive Parts Antitrust [Bearings] Litig.*, No. 12-cv-00500, Dkt. No. 149 (E.D. Mich. July 3, 2014) ("July 3 Opinion and Order"), this Court held that it lacked personal jurisdiction over Schaeffler AG.  (*See* Ex. 1, July 3 Opinion and Order).

2.      The undersigned Defendant bases this Motion upon the accompanying Memorandum of Law in Support, which, in the interests of efficiency and economy, incorporates by reference Schaeffler AG's briefing on its Motion to Dismiss Direct Purchase Plaintiffs', Dealership Plaintiffs', and End-Payor Plaintiffs' Consolidated Amended Complaints for Lack of Personal Jurisdiction in the Bearings Lead Case, granted by the Court on July 3, 2014.  (*See* Exs. 2 and 3).  This Motion is also based on the attached Exhibits, oral argument of counsel, and such other and further material as the Court may consider.

3.      In accordance with E.D. Mich. LR 7.1(a), counsel for the undersigned Defendant sought concurrence from the Attorney General of Florida on August 7, 2014, via telephone. Counsel for the undersigned Defendant explained the nature and legal basis for this Motion, and requested but did not obtain concurrence in the relief sought.

WHEREFORE, based upon the facts and law presented in the accompanying Memorandum, as well as other pleadings and documents filed in this matter, the undersigned Defendant respectfully requests that the Court issue an order (i) GRANTING this Motion to

dismiss the Complaint in its entirety against Defendant; and (ii) GRANTING the undersigned

Defendant such other and further relief as the Court deems just.

Respectfully submitted,

/s/
Eric Mahr (DC Bar # 459350) (*pro hac vice*)
eric.mahr@wilmerhale.com
Stacy Frazier (DC Bar # 986806) (*pro hac vice*)
stacy.frazier@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone:    (202) 663-6000
Facsimile:    (202) 663-6363

*Attorneys for Defendants Schaeffler AG and*
*Schaeffler Group USA Inc.*

- 4 -

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | 12-md-02311 |
| **In Re: BEARINGS CASES** | Honorable Marianne O. Battani |
| | 2:14-cv-12095-MOB-MKM |
| **THIS RELATES TO:** | |
| **STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS,** | |
| **Plaintiff,** | |
| **v.** | |
| **NSK LTD., NSK AMERICAS, INC., NTN CORPORATION, NTN USA CORPORATION, JTEKT CORPORATION, KOYO CORPORATION OF U.S.A., AB SKF, SKF USA INC., SCHAEFFLER AG, and SCHAEFFLER GROUP USA INC.,** | |
| **Defendants** | |

**MEMORANDUM IN SUPPORT OF SCHAEFFLER AG'S MOTION TO DISMISS THE STATE OF FLORIDA'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

## TABLE OF CONTENTS

Page

STATEMENT OF THE ISSUES ...................................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ......................................... iv

INTRODUCTION ................................................................................... 1

SUMMARY OF ARGUMENT ........................................................................ 1

ARGUMENT ...................................................................................... 2

CONCLUSION .................................................................................... 4

## <u>STATEMENT OF THE ISSUES</u>

Whether Plaintiff's Complaint should be dismissed with prejudice with respect to Schaeffler AG because the Court lacks personal jurisdiction over Schaeffler AG.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Southern Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374 (6th Cir. 1968)

Op. and Order re Leoni Mot. to Dismiss, Dkt. 101, *In re Wire Harness Cases*, Case No. 12-00102 (E.D. Mich. June 6, 2013) ("*Leoni Decision*")

Op. and Order re S-Y Europe Mot. to Dismiss, Dkt. 103, *In re Wire Harness Cases*, Case No. 12-00102 (Ed. Mich. June 6, 2013) ("*S-Y Europe Decision*")

Opinion and Order, *In re Automotive Parts Antitrust [Bearings] Litig.*, No. 12-cv-00500, Dkt. No. 149 (E.D. Mich. July 3, 2014) ("*Schaeffler AG Automotive Bearings* Order") (Ex. 1).

Opinion and Order, *In re Automotive Parts Antitrust [Bearings] Litig.*, No. 12-cv-00500, Dkt. No. 148 (E.D. Mich. July 3, 2014) ("*AB SKF Automotive Bearings* Order") (Ex. 4).

## INTRODUCTION

Schaeffler AG submits this memorandum in support of its motion under Rule 12(b)(2) of the Federal Rules of Civil Procedure and Local Rule 7.1 of the Eastern District of Michigan to dismiss all claims by the State of Florida against Schaeffler AG for lack of personal jurisdiction, as the prior decision of this Court requires.

## SUMMARY OF ARGUMENT

The Court already has held in this litigation that it lacks personal jurisdiction over Schaeffler AG.  (*See* Ex. 1, Opinion and Order, *In re Automotive Parts Antitrust [Bearings] Litig.*, No. 12-cv-00500, Dkt. No. 149 (E.D. Mich. July 3, 2014) ("July 3 Opinion and Order")). The State of Florida by-and-large rehashes the same, inaccurate jurisdictional allegations that the Court concluded were insufficient to establish personal jurisdiction over Schaeffler AG in the consolidated Direct Purchaser, Dealer, and End-Payor cases.  None of the limited, conclusory allegations added to the State of Florida's tag-along complaint offer any reason for the Court to reach a different conclusion.  Because the State of Florida's jurisdictional allegations regarding Schaeffler AG's connections to the United States are identical in substance to those the Court has already considered, Schaeffler AG, in the interests of efficiency and judicial economy, hereby incorporates by reference the arguments in its December 2, 2013 Motion to Dismiss the Direct Purchaser Plaintiffs', Dealership Plaintiffs', and End-Payor Plaintiffs' Consolidated Amended Complaints For Lack for Personal Jurisdiction (*see* Ex. 2, No. 2:12-cv-00500, Dkt. No. 113); and its March 25, 2014 Reply in Support of Its Motion to Dismiss for Lack of Personal Jurisdiction (*see* Ex. 3, No. 2:12-cv-00500, Dkt. No. 129) (together, "Consolidated Rule 12(b)(2) Motion").

Accordingly, for the reasons stated in the attached briefing on Schaeffler AG's Consolidated Rule 12(b)(2) Motion, the reasons given by the Court in its ruling on that motion,

and for the additional reasons stated below, the Court should grant this Motion and dismiss with prejudice all claims by the State of Florida against Schaeffler AG for lack of personal jurisdiction.

## ARGUMENT

On July 3, 2014, this Court held that it lacked personal jurisdiction over Schaeffler AG in the consolidated Direct and Indirect Purchaser automotive bearings cases.[1]  Indeed, despite the Court's issuance of its personal jurisdiction decision prior to the State of Florida filing a tag-along Complaint, the State of Florida has simply rehashed the same allegations concerning personal jurisdiction over Schaeffler AG made by the Dealer and End-Payor Plaintiffs.  The Florida Complaint even repeats allegations shown to be erroneous during the briefing of Schaeffler AG's Consolidated Rule 12(b)(2) Motion.[2]  This Court found those allegations insufficient to establish personal jurisdiction in its July 3 Opinion and Order, and the allegations are similarly wanting here.

Apart from repeating the allegations the Court has already considered, the Florida Complaint alleges two additional allegations:

(1) Schaeffler AG has 15% of its sales in North America, including the United States.

(2) On information and belief, Schaeffler Group USA sold bearings that were purchased by Florida governmental entities, Florida businesses, and/or Florida individual consumers during the Relevant Period.

(Florida Compl. ¶ 32).  Neither of these allegations are supported by the facts and, even if true, would not establish personal jurisdiction over Schaeffler AG.

---

[1]     *See* Ex. 1, July 3 Opinion and Order.

[2]     *Id*. at 7 ("The Declaration of Steven Crow overwhelmingly rebuts Plaintiffs' allegations of common executives or board members between the two entities listed in ADPs and EPPs' amended complaints.").

First, Schaeffler AG does not "ha[ve] 15% of its sales in North America, including the United States." In fact, Schaeffler AG does not manufacture or sell automotive bearings — or any other products — in the United States or anywhere else in the world. (Ex. 2-A, Nov. 26, 2013 Decl. of Klaus Deissenberger ¶ 5). While entities affiliated with Schaeffler AG, including Schaeffler Group USA, do sell products in the United States, as the Court concluded in its July 3 Opinion and Order, those contacts with the United States cannot be attributed to Schaeffler AG.

For the same reason, it is irrelevant to the Court's personal jurisdiction over Schaeffler AG whether "Schaeffler Group USA sold bearings that were purchased by Florida governmental entities, Florida businesses, and/or Florida individual consumers," because Schaeffler Group USA's connections to the United States cannot be attributed to Schaeffler AG.

As it did in its July 3 Opinion and Order, this Court should dismiss for lack of personal jurisdiction all claims against Schaeffler AG because Schaeffler AG is the German holding company for the Schaeffler group of companies worldwide and does not manufacture or sell bearings in the United States or anywhere else. Schaeffler AG is not incorporated in the United States, does not manufacture or sell any products here, and has no U.S.-based offices or employees. Schaeffler AG has not purposefully availed itself of the protections of the laws of the United States or any forum state, and its limited contacts with the United States are unrelated to Florida's claims. Because the State of Florida has merely restated the same jurisdictional allegations that this Court already has held fail to establish personal jurisdiction over Schaeffler AG based on the arguments in the Schaeffler Defendants' Consolidated 12(b)(2) Motion, and because the limited additional allegations offer no reason for this Court to reach a different conclusion than it did in its prior ruling, the Court lacks personal jurisdiction over Schaeffler AG and should dismiss all claims against it.

## CONCLUSION

For these reasons, the reasons stated in the attached briefing on Schaeffler AG's Consolidated Rule 12(b)(2) Motion, and the reasons given by the Court in its July 3 ruling on that motion, the Court should grant this Motion and dismiss with prejudice all claims by the State of Florida against Schaeffler AG for lack of personal jurisdiction.

September 2, 2014

Respectfully submitted,

/s/
Eric Mahr (DC Bar # 459350) (*pro hac vice*)
eric.mahr@wilmerhale.com
Stacy Frazier (DC Bar # 986806) (*pro hac vice*)
stacy.frazier@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone:     (202) 663-6000
Facsimile:     (202) 663-6363

*Attorneys for Defendants Schaeffler AG and*
*Schaeffler Group USA Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Stacy Frazier, an attorney, hereby certify that on September 2, 2014, I caused a true and correct copy of the foregoing SCHAEFFLER AG'S MOTION TO DISMISS THE STATE OF FLORIDA'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION and accompanying MEMORANDUM IN SUPPORT, to be filed and served electronically via the ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by e-mail or first class mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ Stacy Frazier
Stacy Frazier (DC Bar # 986806) (*pro hac vice*)
stacy.frazier@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue,  NW
Washington, D.C. 20006
(202) 663-6076
(202) 663-6363 (fax)

*Attorney for Defendants Schaeffler AG and Schaeffler Group USA Inc.*

- 5 -