# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | No. 12-md-02311 |
| | Honorable Marianne O. Battani |
| **In Re: BEARINGS CASES** | |
| **THIS RELATES TO:** **STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS,** | |
| **Plaintiff,** **v.** | 2:14-cv-12095-MOB-MKM |
| **NSK LTD., NSK AMERICAS, INC., NTN CORPORATION, NTN USA CORPORATION, JTEKT CORPORATION, KOYO CORPORATION OF U.S.A., AB SKF, SKF USA INC., SCHAEFFLER AG, and SCHAEFFLER GROUP USA INC.** | |

## DEFENDANTS' COLLECTIVE MOTION TO DISMISS THE STATE LAW CLAIMS FROM FLORIDA'S COMPLAINT FOR DAMAGES, CIVIL PENALTIES, AND INJUNCTIVE RELIEF

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6), Defendants[1]

respectfully move to dismiss all state-law claims in the State of Florida, Office of the Attorney

General, Department of Legal Affairs' Complaint for Damages, Civil Penalties, and Injunctive

---

[1] "Defendants" refers to NSK Ltd.; NSK Americas, Inc.; NTN Corporation; NTN USA Corporation; JTEKT Corporation; JTEKT North America Corporation, formerly d/b/a/ Koyo Corporation of U.S.A.; AB SKF; SKF USA Inc.; Schaeffler AG; and Schaeffler Group USA Inc.

Relief, filed on May 27, 2014 (Case No. 2:14-cv-12095-MOB-MKM, ECF No. 1) (the "Complaint").  In support of this motion, Defendants state as follows:

1.      Defendants base this motion upon the accompanying memorandum of law in support, oral argument of counsel, and such other and further material as the Court may consider.

2.      As required by E.D. Mich. Local Rule 7.1(a), counsel for Defendants sought concurrence from counsel for Florida on August 29, 2014, via telephone conference.  During that call, counsel for Defendants explained the nature of this motion and its legal basis and requested, but did not obtain, concurrence in the relief sought (i.e., dismissal of the Complaint).

Dated:  September 16, 2014

Respectfully submitted,

**SHEARMAN & STERLING LLP**

/s/ Heather L. Kafele
Heather L. Kafele
Keith R. Palfin
Alison R. Welcher
801 Pennsylvania Ave., NW, Suite 900
Washington, DC 20004
(202) 508-8097
(202) 508-8100 (facsimile)
heather.kafele@shearman.com
keith.palfin@shearman.com
alison.welcher@shearman.com

**PAESANO AKKASHIAN, PC**

Brian M. Akkashian
132 N. Old Woodward Avenue
Birmingham, MI 48009
(248) 792-6886
bakkashian@paesanoakkashian.com

*Attorneys for JTEKT Corporation and
JTEKT North America Corporation
(formerly d/b/a Koyo Corporation of U.S.A.)*

**REED SMITH LLP**

Debra H. Dermody
Michelle Mantine
Reed Smith Centre
225 Fifth Ave.
Pittsburgh, PA 15222-2716
(412) 288-3302
(412) 288-3063 (facsimile)
ddermody@reedsmith.com
mmantine@reedsmith.com

**DYKEMA GOSSETT PLLC**

/s/ Howard B. Iwrey (w/ consent)
Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700
hiwrey@dykema.com
bmoore@dykema.com

*Attorneys for Defendant AB SKF and SKF
USA Inc.*

**WINSTON & STRAWN LLP**

/s/ A. Paul Victor (w/ consent)
A. Paul Victor
Jeffrey L. Kessler
Molly M. Donovan
Elizabeth A. Cate
200 Park Avenue
New York, NY 10166
(212) 294-6700
(212) 294-4700 (facsimile)
pvictor@winston.com
jkessler@winston.com
mmdonovan@winston.com
ecate@winston.com

**KERR, RUSSELL AND WEBER**

Fred K. Herrmann (P49519)
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
(313) 961-0200
fkh@krwlaw.com

*Attorneys for Defendants NTN Corporation and NTN USA Corporation*

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

/s/ Jeremy J. Calsyn (w/ consent)
Jeremy J. Calsyn
2000 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 974-1522
jcalsyn@cgsh.com

**HONIGMAN, MILLER, SCHWARTZ AND COHN LLP**

David A. Ettinger
660 Woodward Avenue
Suite 2290
Detroit, MI 48226-3506
313-465-7368
dettinger@honigman.com

*Attorneys for Defendants NSK Ltd. and NSK Americas, Inc.*

**WILMER CUTLER PICKERING HALE AND DORR LLP**

/s/ Eric J. Mahr (w/ consent)
Eric J. Mahr
1875 Pennsylvania Ave., NW
Washington, DC 20006
202-663-6446
eric.mahr@wilmerhale.com

*Attorney for Defendants Schaeffler AG and Schaeffler Group USA Incorporated*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | No. 12-md-02311 |
| | Honorable Marianne O. Battani |
| **In Re: BEARINGS CASES** | |
| **THIS RELATES TO:** | |
| **STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS,** | |
|     **Plaintiff,** | 2:14-cv-12095-MOB-MKM |
| **v.** | |
| **NSK LTD., NSK AMERICAS, INC., NTN CORPORATION, NTN USA CORPORATION, JTEKT CORPORATION, KOYO CORPORATION OF U.S.A., AB SKF, SKF USA INC., SCHAEFFLER AG, and SCHAEFFLER GROUP USA INC.** | |

**AMENDED MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
COLLECTIVE MOTION TO DISMISS THE STATE LAW CLAIMS FROM
FLORIDA'S COMPLAINT FOR DAMAGES, CIVIL PENALTIES, AND INJUNCTIVE
RELIEF**

## STATEMENT OF THE ISSUES PRESENTED

1.      Whether due process considerations bar Florida from bringing state law claims based on indirect purchases of bearings incorporated into vehicles where Florida fails to allege facts demonstrating any significant contacts between the alleged violations and the state of Florida.

2.      Whether Florida's claims for damages under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") based on purchases prior to May 27, 2010 are time-barred by the applicable statute of limitations because Florida has not adequately alleged any recognized doctrine of tolling.

## <u>STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

I.    **Florida's State Law Claims Based On Indirect Purchases Of Bearings Incorporated Into Vehicles Are Barred By Due Process Considerations**

- *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818-19 (1985)
- *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312-13 (1981)
- *Home Ins. Co. v. Dick*, 281 U.S. 408, 410 (1930)
- *Rikos v. P&G*, No. 1:11-cv-226, 2012 U.S. Dist. LEXIS 25104, at *10-12 (S.D. Ohio Feb 28, 2012)

II.   **Florida's Claims For Damages Under The FDUTPA Based On Purchases Prior To May 27, 2010 Are Time-Barred**

- Fla. Stat. § 542.26(1)
- Fla. Stat. § 95.11(3)
- *Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997)
- *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516 (6th Cir. 2008)

# TABLE OF AUTHORITIES

Page

**Cases**

*Allstate Ins. Co. v. Hague*, 449 U.S. 302 (1981) (plurality opinion) ...........................................2, 3

*AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106 (9th Cir. 2012) ................................3

*Bishop v. Lucent Techs., Inc.*, 520 F.3d 516 (6th Cir. 2008) ..........................................................6

*Black Diamond Properties, Inc. v. Haines*, 69 So. 3d 1090 (Fla. Dist. Ct. App. 2011) ...............................................................................................................................7

*In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 3:07-cv-05944-SC (N.D. Cal. Nov. 16, 2012), ECF No. 1451 ........................................................................................7

*First Fed. Sav. & Loan Ass'n. v. Dade Fed. Sav. & Loan Ass'n.*, 403 So. 2d 1097 (Fla. Dist. Ct. App. 1981) ..............................................................................7

*Florida v. Nippon Seiki Co., LTD*, No. 13-cv-12061-MOB-MKM (E.D. Mich. Oct. 21, 2013), ECF. No. 23 ...............................4

*Fox v. City of Pompano Beach*, 984 So. 2d 664 (Fla. Dist. Ct. App. 2008) ...................................8

*Greene v. Distelhorst*, No. 96-3044, 1997 U.S. App. LEXIS 15461 (6th Cir. June 23, 1997) ...............................................................................................................................5

*HCA Health Servs. of Fla., Inc. v. Hillman*, 906 So. 2d 1094 (Fla. Dist. Ct. App. 2004) ........................................................................................................................6, 8

*Healy v. Beer Inst., Inc.*, 491 U.S. 324 (1989) .................................................................................3

*Home Ins. Co. v. Dick*, 281 U.S. 408 (1930) ...................................................................................3

*Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742 (6th Cir. 1992) ........................................6

*Justice v. United States*, 6 F.3d 1474 (11th Cir. 1993) ...................................................................8

*Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997) ............................................................................5

*Marlborough Holdings Group, Ltd. v. Azimut-Benetti*, 505 Fed. Appx. 899 (11th Cir. 2013) ..............................................................................................................................5

*New Lenox Indus., Inc. v. Fenton*, 510 F. Supp. 2d 893 (M.D. Fla. 2007) ....................................5

*Owens v. Riley*, No. 11-1392, 2012 U.S. App. LEXIS 4560 (6th Cir. Jan. 6, 2012) ......................5

iv

*Patton v. Topps Meat Co.*, No. 07-CV-00654(S)(M), 2010 U.S. Dist. LEXIS
145335 (W.D.N.Y. May 27, 2010) ................................................................4

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) ................................2, 3

*Pilgrim v. Universal Health Card*, 660 F.3d 943 (6th Cir. 2011)....................2

*Rikos v. Procter and Gamble Co.*, No. 1:11-cv-226, 2012 U.S. Dist. LEXIS 25104
(S.D. Ohio Feb 28, 2012) ........................................................................2, 3

*Ryan v. Lobo De Gonzalez*, 841 So. 2d 510 (Fla. Dist. Ct. App. 2003) .......................7,8

*Speier-Roche v. Volkswagen Group of Am., Inc.*, No. 14-20107-CIV-MORENO,
2014 U.S. Dist. LEXIS 59991 (S.D. Fla. Apr. 30, 2014) ..........................5

*United States v. JTEKT Corp.*, No. 1:13-cr-00104-HJW (S.D. Ohio Sept. 26,
2013), ECF No. 2 ......................................................................................1

*In re Vitamins Antitrust Litig.*, No. MISC. 99-197(TFH), MDL 1285, 2000 WL
33975412 (D.D.C. Oct. 26, 2000), *aff'd*, 183 F. App'x 1 (D.C. Cir. 2006) ............................7

**Statutes**

Fla. Stat. § 95.031(1)....................................................................................5

Fla. Stat. § 95.031(2)(a) ...............................................................................6

Fla. Stat. § 95.051(1)...................................................................................6, 7

Fla. Stat. § 95.051(2)....................................................................................8

Fla. Stat. § 542.26(1)....................................................................................5

Florida Deceptive and Unfair Trade Practices Act ................................ *passim*

Florida Antitrust Act ....................................................................................1

## <u>TABLE OF CONTENTS</u>

STATEMENT OF THE ISSUES PRESENTED ........................................................................... ii

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................. iii

TABLE OF CONTENTS ....................................................................................................... vi

I.     FLORIDA'S STATE LAW CLAIMS BASED ON INDIRECT PURCHASES OF
       BEARINGS ARE BARRED BY BASIC PRINCIPLES OF DUE PROCESS .................. 2

II.    FLORIDA'S CLAIMS FOR DAMAGES UNDER THE FDUTPA BASED ON
       ALLEGED PURCHASES BEFORE MAY 27, 2010 ARE BARRED BY THE
       STATUTE OF LIMITATIONS ........................................................................................ 4

A.     Previously Uncited Authority ........................................................................................ 4

B.     The FDUTPA Statute of Limitations Bars Florida's Damage Claim Before   May 27,
       2010 ............................................................................................................................... 5

C.     Florida Has Not Pled Any Recognized Basis For Tolling the Limitations   Period ........... 6

CONCLUSION .................................................................................................................... 8

## <u>INTRODUCTION</u>

The Office of the Attorney General for the State of Florida ("Florida") has filed this suit on behalf of itself as well as business and individual consumers within Florida based on their alleged direct and indirect purchases of automotive bearings manufactured by Defendants. (Compl. ¶¶ 1, 109.)  Florida relies solely on a series of conclusory assertions in alleging an overarching conspiracy that affected *all* replacement bearings and *all* bearings installed in *all* vehicles made by *all* automotive manufacturers around the world and subsequently purchased by Florida consumers between 2000 and the present.[2]  Relying on these wholly conclusory allegations, Florida asserts claims under Section 1 of the Sherman Act, the Florida Antitrust Act ("FAA"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").  Florida, however, fails to allege facts showing any significant contacts between the State of Florida and the alleged violations or the claimed indirect purchases by Florida consumers.  Basic due process considerations therefore mandate dismissal of Florida's state law claims that are based on indirect purchases of automotive bearings.  Further, Florida's claims for damages under the FDUTPA based on purchases prior to May 27, 2010 must be dismissed pursuant to the applicable four-year statute of limitations period.

---

[2] Defendants note that Florida claims that "DOJ has obtained several guilty pleas from Defendants." (Compl. ¶ 62.)  To the contrary, only JTEKT Corporation and NSK Ltd. have entered guilty pleas with regards to *any* automotive products. Florida also erroneously and misleadingly indicates that JTEKT Corporation pled guilty with regards to bearings sales for the OEM Nissan.  (Compl. ¶ 66.)  Count II of JTEKT Corporation's plea agreement addresses electronic powered steering—a product with no relation to bearings and not at issue in this case. JTEKT Corporation Plea Agreement, ¶ 4, *United States v. JTEKT Corp.*, No. 1:13-cr-00104-HJW, ECF No. 2 (S.D. Ohio Sept. 26, 2013).

## ARGUMENT

I.   **FLORIDA'S STATE LAW CLAIMS BASED ON INDIRECT PURCHASES OF BEARINGS ARE BARRED BY BASIC PRINCIPLES OF DUE PROCESS**

Florida brings claims under Florida's antitrust and consumer protection statutes based on indirect purchases of bearings by it and consumers in Florida.  (Compl. ¶ 143 ("... by paying more for bearings and automobiles containing bearings purchased *indirectly* from the Defendants ....") (emphasis added); *id.* ¶¶ 148-50 ("Defendants *indirectly* sold to Plaintiff, as well as businesses and individual consumers within Florida, bearings and bearings vehicles.") (emphasis added).)[3]  Because Florida has not shown that indirect purchases of bearings incorporated into vehicles had significant contacts with both the State of Florida and the alleged conspiracy, all of Florida's state law claims based on such purchases must be dismissed.[4]

Florida has failed to demonstrate any significant contacts between the alleged violations—conspiratorial conduct regarding bearings—and the State of Florida that would allow Florida law to apply to indirect purchases by Florida consumers of bearings incorporated into vehicles.  *See*, *e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818-19 (1985) (For a state's law to apply to a claim, the state "'must have a significant contact or significant aggregation of contacts' to the claims asserted by each member of the Plaintiff class, contacts 'creating state interests,' in order to ensure that the choice of [a state's] law is not arbitrary or unfair.") (quoting

---

[3] As this latter citation shows, Florida's claims under FDUTPA appear to be based *solely* on the indirect purchase of bearings and therefore must be dismissed in their entirety.

[4] This inquiry is appropriate at this stage because "discovery will not 'alter the central defect in th[e] class claim'" that the allegations do not satisfy the minimum requirements of due process; the legal determination that these allegations are insufficient can be made now. *Rikos v. Procter and Gamble Co.*, No. 1:11-cv-226, 2012 U.S. Dist. LEXIS 25104, at *12-13 (S.D. Ohio Feb 28, 2012) (quoting *Pilgrim v. Universal Health Card*, 660 F.3d 943 (6th Cir. 2011)).

2

*Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312-13 (1981) (plurality opinion)).  This failure in pleading is fatal to Florida's state law claims, which are based on indirect purchases.[5]

A state "may not abrogate the rights of parties beyond its borders having no relation to anything done or to be done within them."  *Shutts*, 472 U.S. at 822 (quoting *Home Ins. Co. v. Dick*, 281 U.S. 408, 410 (1930)).[6]  In the context of antitrust and consumer protection suits, courts have generally held that claims must be dismissed for failing to show significant contacts with a state's laws when the state is neither (i) the place of "the sale of price-fixed goods," *AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106, 1114 (9th Cir. 2012); *see also Rikos*, 2012 U.S. Dist. LEXIS 25104, at *10-12, nor (ii) the place where "more than a *de minimis* amount of that defendant's alleged conspiratorial activity leading to the sale of price-fixed goods to plaintiffs took place." *AU Optronics Corp.*, 707 F.3d at 1107.

Florida has not satisfied this pleading burden.  Vehicles (whether purchased in Florida or elsewhere) are not the "price-fixed goods" that were the object of the alleged conspiracy—bearings are.  (*See, e.g.*, Compl. ¶ 3.)  Purchases of vehicles thus do not have significant contacts with the "occurrence or transaction giving rise to the litigation."  *Allstate*, 449 U.S. at 308.  Florida's other allegations are likewise insufficient to demonstrate significant contacts between indirect purchases of bearings and the State of Florida.  Residence in Florida (Compl. ¶¶ 1, 14) is not sufficient to invoke Florida law.  *See Allstate*, 449 U.S. at 310-11 (finding residency in a state, particularly residency only as of the time of litigation, insufficient to justify application of that state's law).  That one of the Defendants has an office in Florida and transacts business there (Compl. ¶ 16) is also not a sufficient contact; there is no suggestion that the office or the business

---

[5] Claims on behalf of Florida consumers who purchased vehicles containing automotive bearings are also being pursued by End-Payor Plaintiffs in *In re Auto. Parts Antitrust Litig.*, No. 12-md-00503-MOB-MKM, which is pending before this Court.

[6] The Commerce Clause, for similar reasons, also prohibits the wholly extraterritorial application of state law. *See Healy v. Beer Inst., Inc.*, 491 U.S. 324, 336-37 (1989).

conducted in Florida has any connection with Florida's claims or that even a *de minimis* part of the conspiratorial activity occurred in Florida by virtue of such business. *See Shutts*, 472 U.S. at 819 (holding that the fact that the "Petitioner own[ed] property and conduct[ed] substantial business in the State" was not sufficient to invoke that state's law absent a showing of significant contacts between the state and the relevant transactions); *Patton v. Topps Meat Co.*, No. 07-CV-00654(S)(M), 2010 U.S. Dist. LEXIS 145335, at *20-25 (W.D.N.Y. May 27, 2010) (finding that New York law could not apply based only on the fact that defendants were New York corporations, had their principal place of business there, or were registered to do business there; rather, the state with significant contacts was the place where the purchases occurred).

Because Florida has not demonstrated significant contacts between the alleged conspiratorial conduct and the State of Florida with regards to indirect purchases of bearings incorporated into vehicles (indeed, the most that could be said is that a car was purchased in that state), due process requires dismissal of Florida's state law claims that are based on indirect purchases of allegedly price-fixed bearings incorporated into vehicles.

## II.  FLORIDA'S CLAIMS FOR DAMAGES UNDER THE FDUTPA BASED ON ALLEGED PURCHASES BEFORE MAY 27, 2010 ARE BARRED BY THE STATUTE OF LIMITATIONS

### A.  Previously Uncited Authority

Although defendants in other component part cases have argued that FDUTPA damage claims outside the four-year statute of limitations should be dismissed,[7] Defendants' argument here—that the limitations period cannot be tolled because Florida does not recognize fraudulent concealment as a basis for tolling FDUTPA claims—has only been previously raised in an undecided motion. *See  Florida v. Nippon Seiki Co., LTD*, No. 13-cv-12061-MOB-MKM (E.D.

---

[7] *See, e.g., In re Auto. Parts Antitrust Litig.*, No. 2:12-cv-00203-MOB-MKM (E.D. Mich. Sept. 5, 2012), ECF No. 45 at 38-39.; *In re Auto. Parts Antitrust Litig.*, No. 2:12-cv-00603-MOB-MKM (E.D. Mich. Sept. 5, 2012), EFC No. 65 at Ex. 1.

Mich. Oct. 21, 2013), ECF. No. 23 at 16-20 (not decided before case was voluntarily dismissed). That motion included the statutory basis for this argument—Fla. Stat. § 542.26(1) (four-year statute of limitations FDUTPA claims) and § 95.051 (setting forth the exclusive grounds for tolling the statute of limitations, which does not include fraudulent concealment). Although the argument below cites additional authority, it does not rely on new authority from the U.S. Supreme Court, the Sixth Circuit, or the Florida Supreme Court.

### B.    The FDUTPA Statute of Limitations Bars Florida's Damage Claim Before May 27, 2010

Florida seeks damages pursuant to its claim under the FDUTPA. (*See* Compl. ¶ 151(f).) FDUTPA has a four-year statute of limitations. Fla. Stat. § 542.26(1) (FDUTPA claims); *see also id.* at § 95.11(3)(f) (Florida statutory claims generally).[8] This four-year statute of limitations clock begins running "when the last element constituting the cause of action occurs." *New Lenox Indus., Inc. v. Fenton*, 510 F. Supp. 2d 893, 906 (M.D. Fla. 2007) (quoting Fla. Stat. § 95.031(1)). In the case of an alleged price-fixing conspiracy, like here, any injury occurs—and the statute of limitations clock begins running—when the at-issue product is purchased at the allegedly inflated price. *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 189 (1997) (each sale "starts the statutory period running again," but subsequent sales do not permit a plaintiff to recover for prior purchase outside of the limitations period). Under Florida law, the clock does not wait for a plaintiff to discover the alleged conspiracy. *See Speier-Roche v. Volkswagen Group of Am., Inc.*, No. 14-20107-CIV-MORENO, 2014 U.S. Dist. LEXIS 59991, at *19 (S.D. Fla. Apr. 30, 2014) ("It is well-settled there is no 'delayed discovery rule' applicable to FDUTPA claims.") (citing *Marlborough Holdings Group, Ltd. v. Azimut-Benetti*, 505 Fed. Appx. 899, 906 (11th Cir.

---

[8] Federal courts addressing supplemental state law claims apply the state's statute of limitations, including any tolling rules. *See Owens v. Riley*, No. 11-1392, 2012 U.S. App. LEXIS 4560, at *4-5 (6th Cir. Jan. 6, 2012) (citing *Greene v. Distelhorst*, No. 96-3044, 1997 U.S. App. LEXIS 15461, at *12 (6th Cir. June 23, 1997)).

2013)); *see also* Fla. Stat. § 95.031(2)(a) (establishing the discovery rule for fraud and constructive fraud claims, which are distinguished from statutory claims under § 95.11(3)). Therefore, absent tolling, the four-year statute of limitations bars Florida from recovering damages on claims for purchases that occurred before May 27, 2010—four years before Florida filed its complaint.

### C.    Florida Has Not Pled Any Recognized Basis For Tolling the Limitations Period

Because "it is apparent from the face of the [C]omplaint that the time limit for bringing the claim[s] has passed," Florida's Complaint must allege why the limitations period was supposedly tolled.  *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744-45 (6th Cir. 1992)).  Florida attempts to plead tolling under the doctrine of fraudulent concealment.  (Compl. ¶¶ 116-130.)  But fraudulent concealment is not a recognized basis for tolling the statute of limitations on FDUTPA claims.

Under Florida law, the statute of limitations for a statutory claim, like Florida's FDUTPA claims, may be tolled for only nine reasons.  Fla. Stat. § 95.051(1).[9]  These are the exclusive grounds for tolling.  *See id.* at § 95.051(2) ("A disability or other reason does not toll the running of the statute of limitations except those specified in this section...."); *HCA Health Servs. of Fla., Inc. v. Hillman*, 906 So. 2d 1094, 1098 (Fla. Dist. Ct. App. 2004) (the legislature intended "to

---

[9] The nine grounds for tolling are: (1) "[a]bsence from the state of the person to be sued;" (2) use of false name "so that process cannot be served on the person to be sued;" (3) "[c]oncealment in the state of the person to be sued so that process cannot be served on him or her;" (4) "adjudicated incapacity … of the person entitled to sue;" (5) "[v]oluntary payments by the alleged father of the child in paternity actions;" (6)  "[t]he payment of any part of the principal or interest of any obligation or liability founded on a written instrument;" (7) "[t]he pendency of any arbitral proceeding pertaining to a dispute that is the subject of the action;" (8) bankruptcy for "any proceeding or process under chapter 197;" and (9) lack of a guardian in the case of the "minority or previously adjudicated incapacity of the person entitled to sue."  Fla. Stat. § 95.051(1).

exclude all tolling exceptions not listed in the statute"). Fraudulent concealment is not one of these exclusive grounds, nor do any of the enumerated grounds for tolling otherwise apply here. *See* Fla. Stat. § 95.051(1); *see also* Report and Recommendations Regarding Defendants' Mot. to Dismiss the Compl. of the State of Fla. at 6, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 3:07-cv-05944-SC (N.D. Cal. Nov. 16, 2012), ECF No. 1451 ("[t]here is substantial authority that those [nine] stated types of tolling are exclusive, and that no other tolling doctrine [such as fraudulent concealment] may be applied to Florida's claims"). With no recognized basis for tolling Florida's state-law damages claims, those claims outside the limitations period remain untimely. *See, e.g.*, *In re Vitamins Antitrust Litig.*, No. MISC. 99-197(TFH), MDL 1285, 2000 WL 33975412, at *29-30 (D.D.C. Oct. 26, 2000) ("Because fraudulent concealment is not included among the tolling provisions recognized in § 95.051 and because this Court has found that § 95.051 has not been overturned, [plaintiffs'] damages under their FDUTPA claims are limited to those accruing within the four-year limitations period… ."), *aff'd*, 183 F. App'x 1, 2 (D.C. Cir. 2006).

Florida's untimely FDUTPA claims are not revived by its assertion that fraudulent concealment is "a species of equitable estoppel" (Compl. ¶ 116), because Florida does not allege that any Defendant fraudulently induced Florida to delay bringing suit despite Florida's knowledge of its alleged claims. Equitable estoppel and fraudulent concealment are distinct responses to a statute of limitations defense. *Compare Black Diamond Properties, Inc. v. Haines*, 69 So. 3d 1090, 1094 (Fla. Dist. Ct. App. 2011) (equitable estoppel elements) *with First Fed. Sav. & Loan Ass'n. v. Dade Fed. Sav. & Loan Ass'n.*, 403 So. 2d 1097, 1100 (Fla. Dist. Ct. App. 1981) (fraudulent concealment tolling elements). Equitable estoppel prevents a defendant from invoking the statute of limitations where "a plaintiff knows of the facts underlying the cause of action but delayed filing suit because of the defendant's conduct." *Ryan v. Lobo De*

7

*Gonzalez*, 841 So. 2d 510, 518 (Fla. Dist. Ct. App. 2003); *see also Black Diamond Properties,* 69 So. 3d at 1094 (equitable estoppel requires allegations that a plaintiff "knew [it] had a cause of action, but failed to comply with the statute of limitations because [it] relied on fraudulent representations made by Defendants"); *Fox v. City of Pompano Beach*, 984 So. 2d 664, 668 (Fla. Dist. Ct. App. 2008) (equitable estoppel requires allegations that "the defendant acted with an intent to mislead or deceive the plaintiff into filing late, and that plaintiff's failure to timely file is directly attributable to the defendant's misconduct"). Because Florida does not allege that any Defendant fraudulently induced it to file late, the doctrine of equitable estoppel does not apply.

Further, Florida should not be permitted to shoehorn fraudulent concealment tolling into the doctrine of equitable estoppel. As set forth above, the two doctrines are different. Inserting fraudulent concealment tolling into the equitable estoppel doctrine would ignore the Florida legislature's express intent to limit tolling of statutes of limitations to the nine grounds enumerated in section 95.051(1)—grounds which do not include fraudulent concealment. *See* Fla. Stat. § 95.051(2); *HCA Health Servs. of Fla.*, 906 So. 2d at 1098. Moreover, it would expand the equitable estoppel doctrine, which is an "extraordinary remedy" that should be used "only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). Because Florida has not alleged any facts sufficient to invoke the equitable estoppel doctrine and because fraudulent concealment tolling is not recognized under applicable Florida law, Florida should be barred from recovering damages under its FDUTPA claim for purchases before May 27, 2010.

<u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss Florida's state law claims based on indirect purchases of automotive bearings and Florida's FDUTPA claims based on purchases prior to May 27, 2010, from its Complaint for Damages, Civil Penalties, and Injunctive Relief.

Dated:  September 16, 2014

**SHEARMAN & STERLING LLP**

/s/ Heather L. Kafele
Heather L. Kafele
Keith R. Palfin
Alison R. Welcher
801 Pennsylvania Ave., NW, Suite 900
Washington, DC 20004
(202) 508-8097
(202) 508-8100 (facsimile)
heather.kafele@shearman.com
keith.palfin@shearman.com
alison.welcher@shearman.com

**PAESANO AKKASHIAN, PC**

Brian M. Akkashian
132 N. Old Woodward Avenue
Birmingham, MI 48009
(248) 792-6886
bakkashian@paesanoakkashian.com

*Attorneys for JTEKT Corporation and*
*JTEKT North America Corporation*
*(formerly d/b/a Koyo Corporation of U.S.A.)*

**REED SMITH LLP**

Debra H. Dermody
Michelle Mantine
Reed Smith Centre
225 Fifth Ave.
Pittsburgh, PA 15222-2716
(412) 288-3302
(412) 288-3063 (facsimile)
ddermody@reedsmith.com
mmantine@reedsmith.com

DYKEMA GOSSETT PLLC

/s/ Howard B. Iwrey (w/ consent)
Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700
hiwrey@dykema.com
bmoore@dykema.com

9

*Attorneys for Defendant AB SKF and SKF USA Inc.*

**WINSTON & STRAWN LLP**

 /s/ A. Paul Victor (w/ consent)
A. Paul Victor
Jeffrey L. Kessler
Molly M. Donovan
Elizabeth A. Cate
200 Park Avenue
New York, NY 10166
(212) 294-6700
(212) 294-4700 (facsimile)
pvictor@winston.com
jkessler@winston.com
mmdonovan@winston.com
ecate@winston.com

**KERR, RUSSELL AND WEBER**

Fred K. Herrmann (P49519)
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
(313) 961-0200
fkh@krwlaw.com

*Attorneys for Defendants NTN Corporation and NTN USA Corporation*

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

/s/ Jeremy J. Calsyn (w/ consent)
Jeremy J. Calsyn
2000 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 974-1522
jcalsyn@cgsh.com

**HONIGMAN, MILLER, SCHWARTZ AND COHN LLP**

David A. Ettinger
660 Woodward Avenue
Suite 2290
Detroit, MI 48226-3506

10

313-465-7368
dettinger@honigman.com

*Attorneys for Defendants NSK Ltd. and NSK Americas, Inc.*

**WILMER CUTLER PICKERING HALE AND DORR LLP**

/s/ Eric J. Mahr (w/ consent)
Eric J. Mahr
1875 Pennsylvania Ave., NW
Washington, DC 20006
202-663-6446
eric.mahr@wilmerhale.com

*Attorney for Defendants Schaeffler AG and Schaeffler Group USA Incorporated*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 16, 2014, I caused the foregoing DEFENDANTS'
COLLECTIVE MOTION TO DISMISS THE STATE LAW CLAIMS FROM FLORIDA'S
COMPLAINT FOR DAMAGES, CIVIL PENALTIES, AND INJUNCTIVE RELIEF and
AMENDED MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' COLLECTIVE
MOTION TO DISMISS THE STATE LAW CLAIMS FROM FLORIDA'S COMPLAINT FOR
DAMAGES, CIVIL PENALTIES, AND INJUNCTIVE RELIEF to be electronically filed with
the Clerk of the Court using the CM/ECF system, which will send notification of such filing to
all counsel of record.

Dated: September 16, 2014

<u>/s/ Heather L. Kafele</u>

12