**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STATE OF FLORIDA, OFFICE OF THE
ATTORNEY GENERAL, DEPARTMENT
OF LEGAL AFFAIRS,

                                     Case No. 14-cv-12095

            Plaintiff,

     v.

NSK LTD., NSK AMERICAS, INC., NTN
CORPORATION, NTN USA
CORPORATION, JTEKT CORPORATION,
KOYO CORPORATION OF U.S.A., AB SKF,
SKF USA INC., SCHAEFFLER AG, and
SCHAEFFLER GROUP USA INC.,

            Defendants.


**PLAINTIFF STATE OF FLORIDA'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' COLLECTIVE AMENDED MOTION TO DISMISS**

# **Table of Contents**

Statement of the Issues Presented ............................................................................... iii

Controlling or Most Appropriate Authority .............................................................. iv

Table of Authorities...................................................................................................... v

Introduction................................................................................................................... 1

Facts .............................................................................................................................. 1

Summary of the Argument............................................................................................ 2

Argument ...................................................................................................................... 2

    I.   Standard of Review.......................................................................................... 2

    II.   Application of Florida Law Does Not Violate Defendants' Due Process Rights ............... 3

    III.  Florida's Claims For Damages Are Not Limited to Four Years......................................... 6

Conclusion ................................................................................................................. 13

## <u>Statement of the Issues Presented</u>

1.      Whether purchases of bearings that occurred in the State of Florida provide sufficient aggregation of contacts such that Florida's complaint does not violate principles of due process.

2.      Whether the Florida Supreme Court interpretation of Florida's statute of limitations should be disregarded and whether Florida is barred from the recovery for purchases more than four years before Florida's filing of its complaint.

# <u>Controlling or Most Appropriate Authority</u>

**Due Process:**

*AT&T Mobility v. AU Optronics*,
707 F.3d 1106 (9th Cir. 2013)……………………………………………...4, 5

*In re: Auto. Parts Antitrust Litig.*,
No. 12-MD-02311, 2014 WL 4793848 (E.D. Mich. Sept. 25, 2014)…………..3, 7

*In re: TFT-LCD (Flat Panel) Antitrust Litig.*,
2014 WL 2905105, No. 10-3205 (N.D. Cal. June 26, 2014)…………………...3, 5

*Phillips Petroleum v. Shutts*,
472 U.S. 797 (1985)………………………………………………………….3

**Statute of Limitations:**

*Florida Department of Health and Rehabilitative Services v.*
*S.A.P.*, 835 So. 2d 1091 (Fla. 2002)…………………………………7, 8, 9, 10, 12

*In re: Auto. Parts Antitrust Litig.*,
No. 12-MD-02311, 2014 WL 4793848 (E.D. Mich. Sept. 25, 2014)………… 3, 7

# <u>Table of Authorities</u>

**CASES**

*Allstate Ins. Co. v. Hague*
  449 U.S. 302 (1981)……………………………………………………………3, 5

*American Home Assurance Co. v. Weaver Aggregate Transport*
  990 F. Supp. 2d 1254 (M.D. Fl. 2013)…………………………………………..7, 11

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009)…………………………………………………………………2

*AT&T Mobility v. AU Optronics*
  707 F.3d 1106 (9th Cir. 2013)…………………………………………………..4, 5

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007)…………………………………………………………………2

*Bryant v. Adventist Health Sys. Sunbelt, Inc.*
  869 So.2d 681 (Fla. 5th DCA 2004)………………………………………...7, 11

*Directv, Inc. v. Treesh*
  487 F.3d 471 (6th Cir. 2007)……………………………………………………2

*Doe v. Emerson*
  No. 05- 290, 2006 WL 2971314, *8 (Fla. Cir. Ct. June 6, 2006)……………..7, 11

*Erie County, Ohio v. Morton Salt, Inc.*
  702 F.3d 860 (6th Cir. 2012)………………………………………………………2

*Florida Department of Health and Rehabilitative Services v. S.A.P.*
  835 So. 2d 1091 (Fla. 2002)……………………………………7, 8, 9, 10, 12

*HCA Health Services of Florida, Inc. v. Hillman*
  906 So.2d 1094 (Fla. 2d D.C.A. 2004)……………………………………….12

*In re: Auto. Parts Antitrust Litig.*
  No. 2:12-cv-00503-MOB-MKM (E.D. Mich. Dec. 2, 2013), ECF. No. 73………3

*In re: Auto. Parts Antitrust Litig.*
  No. 12-MD-02311, 2014 WL 4793848, (E.D. Mich. Sept. 25, 2014)…………3, 7

*In re: Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Products. Liab. Litig.,*
  No. 11-md-2000, 2013 WL 139520 (D. S.C. Jan. 10, 2013)…………………7, 11

*In re: Cathode Ray Tube (CRT) Antitrust Litig.*
        No. 3:07-cv-05944-SC (N.D. Cal. Nov. 16, 2012), ECF No. 1451…………11, 12

*In re: Darvocet, Darvon and Propoxyphene Prods. Liab. Litig.*
        756 F.3d 917, 937 (6th Cir. 2014)…………………………………………………8

*In re: TFT-LCD (Flat Panel) Antitrust Litig.*
        No. M 07-1827 SI, 2011 WL 4387812 (N.D. Cal. Sept. 20, 2011)…….……..7, 10

*In re: TFT-LCD (Flat Panel) Antitrust Litig.*
        No. 10-3205, 2014 WL 2905105 (N.D. Cal. June 26, 2014)…………………...3, 5

*In re: Vitamins Antitrust Litig.*
        No. 99-197, 2000 WL 33975412 (D.D.C. October 26, 2000)…………………...11

*Major League Baseball v. Morsani*
        790 So. 2d 1071, 1077-78 (Fla. 2001)…………………………………………9

*McGraw v. R and R Inves., Ltd.*
        877 So. 2d 886 (Fla. 1st DCA 2004)…………………………………………7, 11

*Phillips Petroleum v. Shutts*
        472 U.S. 797 (1985)……………………………………………………………3

## STATUTES AND RULES

Federal Rule of Civil Procedure 12(b)(1)……………………………………………1

Federal Rule of Civil Procedure 12(b)(6)……………………………………………1

Fla. Stat. § 95.11…………………………………………………………………10

Fla. Stat. § 95.051…………………………………………………………………8, 10

Fla. Stat. § 501…………………………………………………………………...8, 10

Fla. Stat. § 542…………………………………………………………………...10

# **Introduction**

Defendants' current motion to dismiss is another attempt to dismiss a complaint along the lines of argument previously argued to this Court – arguments that this Court rejected.  There are no substantive differences between this case and the other *Bearings* cases that would warrant a different conclusion.  Florida has asserted a three-count complaint under the Sherman Act, the Florida Antitrust Act, and the Florida Deceptive and Unfair Trade Practices Act stemming from a global conspiracy to fix the prices of bearings.  At its core, this case alleges similar facts and claims arising from the same conspiracy that this Court has already evaluated and found sufficient.  Defendants have filed the present motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and for the reasons set forth below must be denied.

# **Facts**

Florida commenced this litigation against the Defendants for their part in a global conspiracy to fix the prices of bearings.  Complaint, ¶ 2.  Defendants are some of the largest producers of bearings in the world, having the majority of the global market share.  Complaint, ¶ 59.  Evidence that Defendants participated in the antitrust conspiracy as alleged comes from their own admissions to investigations undertaken by governments from around the world, including the United States Department of Justice.  These governments have been investigating Defendants for the same conspiracy that Florida alleges here.  Complaint, ¶ 60.  Some of these governments have fined Defendants for their role in the price-fixing conspiracy.  In the United States, for example, JTEKT and NSK both have pled guilty and admitted to committing antitrust violations as alleged and paid a fine of $103.27 million and $68.2 million, respectively.  Complaint, ¶¶ 68, 71.

1

# Summary of the Argument

First, application of Florida law does not violate the Defendants' due process rights as Florida has made a sufficient showing of contacts with Florida by alleging that bearing purchasers, include the State of Florida, consumers, and businesses, reside in Florida, purchased bearings in Florida and paid higher prices for those bearings in Florida.

Second, Florida's claims for damages are not limited to four years because of the doctrine of fraudulent concealment, which estops the Defendants from asserting statute of limitations as a defense when it was the Defendants' own actions that delayed Florida from uncovering the facts giving rise to the knowledge that it had been harmed.

# Argument

## I.    Standard of Review

In deciding a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This standard requires that the "factual allegations 'raise a right to relief above the speculative level' and 'nudge [] the [] claims across the line from conceivable to plausible.'"  *Erie County, Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) (*quoting Twombly*, 550 U.S. at 570).  It does not require that recovery be probable, and a complaint may survive even if a savvy judge believes that the chance of recovery is remote.  *Id.*  The complaint must also be construed in the "light most favorable to plaintiff" and "draw all reasonable inferences in favor of plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

2

II.     **Application of Florida Law Does Not Violate Defendants' Due Process Rights**

A.     Previous Rulings

Defendants raised this identical argument in their motions to dismiss the Auto Dealer and End-Payor complaints.  *See In re: Auto. Parts Antitrust Litig.*, No. 2:12-cv-00503-MOB-MKM (E.D. Mich. Dec. 2, 2013), ECF. No. 73 at 13-14.  The Court rejected the argument and found that "EPPs' claims are connected to the various state laws under which they proceed because they reside in those states.  EPPs allege that they purchased Bearings for personal use, and they allege they paid artificially inflated prices for Bearings during the Class Period.  Accordingly, *Shutts* does not preclude their claims."  *See In re: Auto. Parts Antitrust Litig.*, No. 12-MD-02311, 2014 WL 4793848, at *9 (E.D. Mich. Sept. 25, 2014).

B.     Previously Uncited Authority

Plaintiff State of Florida cites to *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, 2014 WL 2905105, No. 10-3205 (N.D. Cal. June 26, 2014), in support of the argument that the contacts with Florida are sufficient to justify application of Florida law.  In this recent opinion, the Court specifically rejected the identical arguments put forth by the Defendants in the current motion and Plaintiff would urge the Court to adopt its reasoning.

C.     Argument

Defendants seek to have Florida's well-pled complaint dismissed on the basis that their due process rights have been violated due to a lack of connections to the State of Florida.  Under *Phillips Petroleum v. Shutts*, 472 U.S. 797, 818 (1985) (*quoting Allstate Ins. Co. v. Hague*, 449 U.S. 302 (1981)), a state must have either "a significant contact or significant aggregation of contacts" to create a state interest in order to ensure that the application of a state's law is not arbitrary or unfair.  Florida's allegations meet this standard as Florida alleges sufficient contacts

3

by the State, and Florida consumers and businesses, and the purchase of bearings that occurred in Florida.

The Defendants rely primarily on *AT&T Mobility v. AU Optronics*, 707 F.3d 1106 (9th Cir. 2013), for the proposition that Florida must establish significant contacts with Florida by either showing that the sale of the price-fixed goods occurred in Florida or that more than a de minimus amount of alleged conspiratorial conduct occurred in Florida. Defendants' Motion, p. 3. Rather than limit the factual situations where due process requirements are met, *AT&T* actually expands them: a plaintiff can utilize a state's law not just of the state where the purchase occurred but also of states where unlawful activity occurred. *AT&T Mobility,* 707 F.3d at 1113-1114.

In *AT&T Mobility*, the plaintiffs did not allege that *any* purchases (direct or indirect) occurred in California, but still chose to sue under California law to recover damages for the indirect purchase in other states of price-fixed goods. *Id*. at 1108. The district court dismissed the case and held that even though there were allegations of conspiratorial conduct occurring in California, application of California law would violate due process since none of the purchases took place in the state. *Id.* at 1109. The issue on appeal was limited to whether conspiratorial conduct alone was sufficient under due process to permit application of a state's law when no sales occurred in that state. *Id*. at 1107. The Ninth Circuit held that the district court "should have considered all of the Defendants' conduct within California leading to the sale of the price-fixed goods outside the state" before determining whether application of California law is consistent with due process. *Id.* at 1112.

Here, Defendants misinterpret *AT&T* to argue that Florida law can apply in only two situations: first, where there are allegations of conspiratorial activity in Florida or, second, where the direct sale of price fixed goods occurred in Florida. Nowhere in *AT&T* is such a limited

4

principle stated.  The Ninth Circuit did not limit application of a state's law to *only* those two

situations.

In *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, 2014 WL 2905105, No. 10-3205 (N.D.

Cal. June 26, 2014), the Northern District of California applied the holding in *AT&T* and

rejected the identical argument being put forth by Defendants here, in a factual situation very

similar to this case.  There, the defendants allegedly conspired to fix the prices of LCD panels

that were eventually incorporated into another product, like a television (so called "LCD

products").  *Id.* at *1.  The plaintiff was a Florida corporation that asserted indirect purchaser

antitrust claims.  *Id.*  The defendants moved for summary judgment on due process grounds

arguing that application of Florida law would be "unfair because they never sold their products

or engaged in any conspiratorial conduct in Florida."  *Id.*  at *3.  The court began its analysis by

noting the *Allstate* standard of significant contacts and that "*Allstate* creates only 'modest

restrictions on the application of forum law,' and is commonly viewed 'as setting a highly

permissive standard.'"  *Id*. at 2.  (quoting *AT&T Mobility,* 707 F.3d at 1111).  The court went on

to examine where the "price-fixed goods were purchased, and whether defendants engaged in

anticompetitive conduct that was more than 'slight and casual' within the state whose law is to be

applied."  *Id.*  (quoting *AT&T Mobility,* 707 F.3d at 1111-13).  The court found that while place of

purchase is not necessarily dispositive, it alone may merit application of the law of the state

where the goods were purchased.  *Id.* at *3.

The court found that since the plaintiff was located in Florida and all purchasing

decisions and payments for LCD products took place in Florida that Florida "has sufficient

contacts with - and interests in - the parties and with the occurrence or transaction giving rise to

the litigation."  *Id*. (*quoting Allstate*, 49 U.S. at 308).  Additionally, the court rejected the

defendants' argument that allowing the case to proceed would subject them to the law of any state that allows indirect purchaser recovery. *Id.* The court found such concerns "overstated." *Id.* The court stated that an analysis of a state's contacts to and interests in a case would need to be done but that "it is undisputed that the plaintiffs, headquartered in Florida, conducted business in, and were injured in Florida" and that " Florida has an important interest in protecting its residents from the harmful effects of anticompetitive conspiracies." *Id.*

The Defendants have sold and distributed bearings "in a continuous and uninterrupted flow of interstate trade and commerce to businesses and consumers in Florida." Complaint, ¶ 107. Defendants' activities also took place within the flow of interstate trade commerce, as well as trade and commerce in Florida. Complaint, ¶ 108. Defendants' conduct had a direct, substantial, and reasonably foreseeable effect on interstate trade, including in Florida. *Id.* Defendants also knew and expected that bearings would be installed in automobiles that would be sold to the United States, including to consumers and businesses and Florida. *Id.* The Complaint therefore satisfies due process because the State of Florida, as well as Florida consumers and businesses, reside in and purchased bearings and bearing products in Florida providing sufficiently strong connections to Florida and giving the State of Florida a strong interest in application of its laws.

## III.    Florida's Claims For Damages Are Not Limited to Four Years

A.  Previous Rulings

Although Defendants are raising new arguments involving the application of the Florida's statute of limitations, this Court has rejected similar arguments by Defendants seeking to bar recovery for violations occurring more than four years before the filing of the complaint. *See,*

*e.g. In re: Auto. Parts Antitrust Litig.*, No. 12-MD-02311, 2014 WL 4793848, at *9-21 (E.D. Mich. Sept. 25, 2014).

B.    Previously Uncited Authority

Plaintiff State of Florida cites to numerous new cases in support for its position that fraudulent concealment is recognized in Florida and would bar the Defendants from asserting a statute of limitations defense.  The most important case is the ruling from the Florida Supreme Court *Florida Department of Health and Rehabilitative Services v. S.A.P.*, 835 So. 2d 1091 (Fla. 2002).  In that case, the Supreme Court explicitly recognized that doctrine in Florida. Respectfully, it is Plaintiff's position that this ruling settles the issue and warrants denial of the motion to dismiss.

Plaintiff has cited to other cases in support of the holding that Florida recognizes fraudulent concealment.  In *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 4387812, *1 (N.D. Ca. 2011), for example, the court found that fraudulent concealment exists in Florida. Other cases have made similar rulings, including: *American Home Assurance Co. v. Weaver Aggregate Transport*, 990 F. Supp. 2d 1254 (M.D. Fl. 2013); *Bryant v. Adventist Health Sys. Sunbelt, Inc.*, 869 So.2d 681 (Fla. 5th DCA 2004); *Doe v. Emerson*, No. 05- 290, 2006 WL 2971314, *8 (Fla. Cir. Ct. June 6, 2006); *In re: Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Products. Liab. Litig.*, No. 11-md-2000, 2013 WL 139520, at *10 (D. S.C. Jan. 10, 2013); *McGraw v. R and R Inves., Ltd.*, 877 So. 2d 886 (Fla. 1st DCA 2004).  These cases, as well as *S.A.P.*, require denial of the motion to dismiss.

C.    Argument

Under the doctrine of fraudulent concealment, which is a "species" of equitable estoppel, Florida's claims are not limited to those occurring four years before the filing of the complaint,

2:14-cv-12095-MOB-MKM   Doc # 43   Filed 11/17/14   Pg 14 of 20   Pg ID 515

or May 27, 2010.  Florida has asserted a count for damages, among other relief, under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").  Fla. Stat. § 501.201 *et seq.*  The statute of limitations for such claims is four years unless otherwise tolled.  Fla. Stat. § 501.207(5). Defendants argue that the provisions of Section 95.051, Florida Statutes, define the only grounds for tolling a statute of limitations.  According to Defendants, since "fraudulent concealment" is not explicitly referenced in Section 95.051, Florida Statutes, the doctrine is not recognized in Florida.  Well-established precedent from the Florida Supreme Court, as well as other state and federal courts, has rejected such a limited conclusion and upheld the application of equitable estoppel and fraudulent concealment to prohibit use of a statute of limitations defense by a defendant.

When interpreting state law, federal courts are bound by the rulings of a state's highest court, here the Florida Supreme Court.  *See In re: Darvocet, Darvon and Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917, 937 (6th Cir. 2014).  The Florida Supreme Court has considered, and rejected, the arguments put forth by Defendants.  Respectfully, this Court is bound by such rulings and must deny the Defendants' motion to dismiss.

The Florida Supreme Court addressed whether fraudulent concealment exists in Florida in *Florida Department of Health and Rehabilitative Services v. S.A.P.*, 835 So. 2d 1091 (Fla. 2002).  In *S.A.P.*, a former foster child filed suit in 1995 for alleged abuse that took place in 1979. *Id*. at 1094.  The Florida Department of Health released the results of an internal investigation that showed that the plaintiff's caseworker had falsified records.  *Id.* The complaint was dismissed on statute of limitations grounds.  *Id*. at 1093.  The certified question to the Supreme Court was "Can the doctrine of fraudulent concealment apply to toll the statute of limitations in a negligence action?"  *Id.* The plaintiff argued to the Florida Supreme Court that under equitable

8

estoppel the agency's fraudulent acts and its active concealment of those acts should bar the agency from asserting a statute of limitations defense.  *Id.*  The Court agreed with plaintiff's assertion that the "prohibition on the ability of [the agency] to articulate the defense is consistent with this Court's reliance upon the principle that our courts will not protect defendants who are directly responsible for delays of filing because of their own willful acts."  *Id.* at 1094.

The Florida Supreme Court found that "[i]t is well settled in Florida and other jurisdictions that the statute of limitations can be deflected by the doctrine of equitable estoppel." *Id.* at 1097.  Further, this proposition is supported by vast precedent from this Court, Florida district courts of appeal and federal courts."  *Id.*  In its ruling, the Court noted the following: "[E]quitable estoppel is a basic tenet of common law and any statute enacted in derogation of the common law- such as a statute of limitations must expressly so provide:

> [A]s noted above, equitable estoppel is a deeply rooted, centuries old tenet of the common law.  On the other hand, fixed time limitations for filing suit, i.e., statutes of limitation, were unknown at common law and are a creature of modern statute.  This Court has held that a statute enacted in derogation of the common law must be strictly construed and that, even where the Legislature acts in a particular area, the common law remains in effect in that area unless the statute specifically says otherwise:

> The presumption is that no change in the common law is intended unless the statute is explicit and clear in that regard.  Unless a statute unequivocally states that it changes the common law, or is so repugnant to the common law that the two cannot coexist, the statute will not be held to have changed the common law."

*Id.* at 1098.  (quoting on *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1077-78 (Fla. 2001).  Ultimately, because there was nothing in the statute of limitations that indicated any intent by the Florida Legislature to abrogate common law principles such as fraudulent concealment, the Court concluded that fraudulent concealment applies in Florida.  *Id.* at 1094, 1100.

9

In *S.A.P.*, the Florida Supreme Court found that common law equitable principles, like fraudulent concealment, apply to all statutes of limitations in Florida unless specifically excepted by express statutory language.  Nothing in the statute of limitations applicable to this action (§ 95.11, § 501.207, and § 542.26, Florida Statutes) prohibits application of common law principles, nor does the statutory tolling statute.  As such, Florida's claims for damages occurring beyond four years should be permitted.

The Defendants' argument has been considered more recently in *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2011 WL 4387812, at *1 (N.D. Cal. Sept. 20, 2011), in which the plaintiffs asserted antitrust claims stemming from a global price-fixing conspiracy. The Defendants moved for partial summary judgment on purchases more than four year before the filing of the first indirect purchaser complaint containing FDUTPA claims.  *Id.*  The only issue for the court was "whether Florida courts recognize the doctrine of fraudulent concealment."  *Id.* at *2.  Much like the Defendants here, the defendants in *LCD* argued that Florida courts narrowly construe equitable estoppel and do not recognize fraudulent concealment.  *Id.*  The court rejected that argument and defendants' narrow interpretation of equitable estoppel.  *Id.*  The court recognized that fraudulent concealment as a "longstanding and widely recognized doctrine in common law" that a number of Florida courts have adopted and that the Florida Supreme Court has expressed an "expansive view of equitable estoppel consistent with the doctrine of fraudulent concealment."  *Id.* at 2-4.  Fraudulent concealment, the court stated, is a "*species* of equitable estoppel that can preclude a defendant from asserting a statute of limitations defense" and "is applicable where a defendant takes steps to conceal his wrongful actions."  *Id.* at *2. (emphasis added).

10

Other courts applying Florida law have similarly upheld recognized fraudulent concealment and equitable estoppel. *See Doe v. Emerson*, No. 05- 290, 2006 WL 2971314, *8 (Fla. Cir. Ct. June 6, 2006) (finding plaintiff's allegations sufficient to plead the "defense of equitable estoppel to defeat applicable statute of limitations"); *American Home Assurance Co. v. Weaver Aggregate Transp.*, 990 F. Supp. 2d 1254, (M.D. Fl. 2013) (denying summary judgment on a breach of fiduciary duty claim on statute of limitations grounds because party has sufficiently pled elements of fraudulent concealment); *In re: Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Products. Liab. Litig.*, No. 11-md-2000, 2013 WL 139520, at *10 (D. S.C. Jan. 10, 2013) (finding that dismissal of plaintiff's FDUTPA claim was unwarranted given he has sufficiently alleged fraudulent concealment and holding that "Although not specifically enumerated in Florida's general tolling statute, *see* Fla. Stat. § 95.051, fraudulent concealment is widely accepted as an equitable basis for tolling a statute of limitations under Florida law."); *Bryant v. Adventist Health Sys. Sunbelt, Inc.*, 869 So.2d 681 (Fla. 5th DCA 2004) (reversing dismissal of complaint on statute of limitations grounds because the complaint raised fraudulent concealment); *McGraw v. R and R Inves., Ltd.*, 877 So. 2d 886 (Fla. 1st DCA 2004) (noting that, "in the interest of justice," fraudulent concealment constitutes an "implied exception to the statute of limitations, thereby tolling the running of the statute until discovery or reasonable opportunity of discovery of the concealment by the owner of the cause of action.").

The case law cited by Defendants is distinguishable from the weight of authority cited above. Defendants cite *In re: Vitamins Antitrust Litig.*, No. 99-197, 2000 WL 33975412 (D.D.C. October 26, 2000), but this unpublished decision was issued two years before *S.A.P.* and as such has no precedential value. Defendants also rely on a special master recommendation in *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 3:07-cv-05944-SC (N.D. Cal. Nov. 16, 2012), ECF

No. 1451, but this case fails to support Defendants argument.  There the special master did not find that equitable estoppel was not recognized in Florida, but rather that Florida had failed to allege sufficient facts to implicate such a doctrine.  *Id.* at *6.  The special master recommended leave to Florida to amend the complaint so as to allege the exceptions to the statute of limitations more explicit.  *Id.* at 7.  Finally, in *HCA Health Services of Florida, Inc. v. Hillman*, 906 So.2d 1094, 1100 (Fla. 2d D.C.A. 2004), the court did discuss whether *equitable tolling* is available but did not assess equitable estoppel, and the does not support the proposition that equitable estoppel is not recognized in Florida.

Finally, the Defendants also argue that for Florida to invoke equitable estoppel, it must know of the facts underlying the cause of action but delayed filing suit because of the defendant's conduct.  Defendants' Motion, p. 7.  This interpretation of equitable estoppel was already considered and rejected by the Florida Supreme Court.  In *S.A.P.,* Justice Wells' argued in his dissent that the Court should only find equitable estoppel appropriate when "the defendant made inducements to the plaintiff to forbear the bringing of the action that was later claimed by the defendant to be barred."  *S.A.P.*, 835 So.2d at 1109 (Wells, J., dissenting).  The Florida Supreme Court declined to limit the application of equitable estoppel, as Defendants have argued, and respectfully so must this Court.

Not only does Florida recognize fraudulent concealment, the complaint contains sufficient allegations implicating the doctrine.  The complaint alleges that the defendants committed fraudulent acts and concealed those acts, including the existence of the alleged conspiracy, in and from Florida.  Complaint ¶ 118.  Defendants were able to keep their anti-competitive acts from Florida by utilizing code names and meeting in secret locations to avoid being detected.  Complaint ¶ 123.  Defendants also represented publicly that their acts were the

12

result of competitive processes. Complaint ¶ 124. Florida could not have uncovered the conspiracy before publication of the cease and desist orders by the JFTC in June of 2012. Complaint ¶ 127. Florida had no knowledge of the conspiracy nor any facts that would have caused a reasonably diligent person to investigate whether a conspiracy existed. Complaint ¶ 128.

## Conclusion

For all these reasons, Florida requests that the Court deny the Defendants' motion to dismiss.

Dated: November 17, 2014            PAMELA JO BONDI
                                    ATTORNEY GENERAL
                                    STATE OF FLORIDA

                                    _____s/ Timothy M. Fraser_____
                                    PATRICIA A. CONNERS (Florida Bar No. 361275)
                                    Associate Deputy Attorney General
                                    Trish.Conners@myfloridalegal.com
                                    R. SCOTT PALMER (Florida Bar No. 220353)
                                    Special Counsel for Antitrust Enforcement
                                    Scott.Palmer@myfloridalegal.com
                                    GREGORY S. SLEMP (Florida State Bar No. 478865)
                                    Greg.Slemp@myfloridalegal.com
                                    TIMOTHY FRASER (Florida Bar No. 957321)
                                    Timothy.Fraser@myfloridalegal.com
                                    Office of the Attorney General
                                    State of Florida
                                    PL-01, The Capitol
                                    Tallahassee, FL 32399-1050
                                    Tel:    (850) 414-3300
                                    Fax:    (850) 488-9134

                                    Attorneys for Plaintiff State of Florida

13

### Certificate of Service

I, Timothy Fraser, hereby certify that the foregoing document was filed and served using the Court's electronic filing system, which shall notify all counsel of record.

Dated: November 17, 2014                             s/ Timothy Fraser
                                                    Timothy Fraser

14