UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

IN RE: AUTOMOTIVE PARTS
ANTITRUST LITIGATION                                  MASTER FILE NO. 12-md-02311

_____

In re: Bearings                                                HON. MARIANNE O. BATTANI

_____

THIS DOCUMENT RELATES TO:

State Attorneys General                                14-cv-12095
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION**

Before the Court is Defendant Schaeffler AG's Motion to Dismiss the State of Florida's Complaint for Lack of Personal Jurisdiction. (Doc. No. 30). The Court scheduled a January 28, 2015, hearing date, but the parties waived oral argument. For the reasons stated below, Defendant's motion is **GRANTED**, and Schaeffler AG is **DISMISSED**.

**I.    RELEVANT FACTS**

On May 27, 2014, the State of Florida, Office of the Attorney General ("Florida") filed a complaint against several corporate entities alleging violations of federal and state antitrust laws. Specifically, Florida claims that Defendant Schaeffler AG and others "conspired to suppress and eliminate competition with respect to the sale and manufacture of bearings." (Doc. No. 1 at ¶ 2). Further, the complaint alleges that "Defendants and their co-conspirators agreed, combined, and conspired to inflate, fix, raise, maintain, or artificially stabilize the prices of bearings." (Id. at ¶ 3). Generally,

Schaeffler AG and other Defendants are in the business of manufacturing or selling Bearings, which are defined in the complaint as "metal balls or rollers that permit the wheels of a vehicle to rotate with reduced friction." (Id. at ¶ 41).

Defendant Schaeffler AG is a German corporation with its principal place of business in Herzogenaurach, Germany. (Id. at ¶ 32). Florida alleges that 15% of Schaeffler AG's sales occur in North America. (Id.) Further, it is alleged that "Schaeffler AG, directly and/or through its wholly owned and/or controlled subsidiaries, manufactured, marketed and/or sold bearings that were purchased by Florida governmental entities, Florida businesses, and/or Florida individual consumers during the Relevant Period." (Id.)

Schaeffler AG is the parent company of Schaeffler Group USA Inc. ("Schaeffler USA"), which is a Delaware corporation with its principal place of business in South Carolina. (Id. at 33). Florida alleges that Schaeffler USA "sold bearings that were purchased by Florida governmental entities" at the direction and control of Schaeffler AG. (Id.) In addition, it is alleged that Schaeffler AG and Schaeffler USA have shared numerous executives. (Id.)

In July 2014, Florida's complaint was reassigned to this Court and consolidated with In re Automotive Parts Antitrust Litigation [Bearings], No. 12-00500. Schaeffler AG now moves to dismiss for lack of personal jurisdiction.

## II.  STANDARD OF REVIEW

Before answering a complaint, a defendant may move for dismissal based on lack of personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). "Where personal jurisdiction is challenged in a 12(b)(2) motion, the plaintiff has the burden of

establishing that jurisdiction exists." Am. Greetings Corp. v. Cohn, 839 F. 2d 1164, 1168 (6th Cir. 1988); see also McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936) (plaintiff "must allege in his pleading the facts essential to show jurisdiction").

If a district court rules on the motion before trial, the court, in its discretion, "may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." Serras v. First Tenn. Bank Nat'l Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989) (quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)). The district court is granted considerable discretion in this decision and will be reversed only for abuse of discretion. Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991); Mich. Nat. Bank v. Quality Dinette, Inc., 888 F.2d 462, 466 (6th Cir. 1989). The method the court selects will affect the magnitude of the burden on the plaintiff to avoid dismissal. Serras, 875 F.2d at 1214. Where, as is the case here, the court relies solely on the parties' affidavits to reach its decision on the motion, the burden rests on the plaintiff to establish a *prima facie* showing of jurisdiction in order to avoid dismissal, Intera Corp. v. Henderson, 428 F.3d 605, 615 (6th Cir. 2005), and the court must consider the pleadings and affidavits in the light most favorable to the plaintiff. CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1261-62 (6th Cir. 1996).

In considering 12(b)(2) motions, the court does not weigh the controverting assertions of the moving party due to its interest in "prevent[ing] non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit

establishing that jurisdiction exists." Am. Greetings Corp. v. Cohn, 839 F. 2d 1164, 1168 (6th Cir. 1988); see also McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936) (plaintiff "must allege in his pleading the facts essential to show jurisdiction").

If a district court rules on the motion before trial, the court, in its discretion, "may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." Serras v. First Tenn. Bank Nat'l Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989) (quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)). The district court is granted considerable discretion in this decision and will be reversed only for abuse of discretion. Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991); Mich. Nat. Bank v. Quality Dinette, Inc., 888 F.2d 462, 466 (6th Cir. 1989). The method the court selects will affect the magnitude of the burden on the plaintiff to avoid dismissal. Serras, 875 F.2d at 1214. Where, as is the case here, the court relies solely on the parties' affidavits to reach its decision on the motion, the burden rests on the plaintiff to establish a *prima facie* showing of jurisdiction in order to avoid dismissal, Intera Corp. v. Henderson, 428 F.3d 605, 615 (6th Cir. 2005), and the court must consider the pleadings and affidavits in the light most favorable to the plaintiff. CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1261-62 (6th Cir. 1996).

In considering 12(b)(2) motions, the court does not weigh the controverting assertions of the moving party due to its interest in "prevent[ing] non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit

denying all jurisdictional facts." CompuServe, Inc., 89 F.3d at 1262 (quoting Theunissen, 935 F.2d at 1459).

## III. ANALYSIS

The Supreme Court has held that to subject a nonresident defendant to personal jurisdiction, due process requires that he must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). The defendant's "conduct and connection with the forum State" must be "such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction in fact exists. Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002).

When "a federal court exercises jurisdiction pursuant to a national service of process provision, it is exercising jurisdiction for the territory of the United States, and the individual liberty concern is whether the individual over which the court is exercising jurisdiction has sufficient minimum contacts with the United States." Med. Mut. v. deSoto, 245 F.3d 561, 567-68 (6th Cir. 2001). For federal antitrust claims, 15 U.S.C. § 22 authorizes services of process over an antitrust defendant "wherever it may be found." Consequently, personal jurisdiction over Schaeffler AG is dependent on whether it has "sufficient minimum contacts with the United States" to satisfy the due process requirements of the Fifth Amendment. Med. Mut. of Ohio, 245 F.3d at 566-67. "This inquiry parallels the more traditional personal-jurisdiction analysis under which a

4

defendant must have minimum contacts with the forum state pursuant to the state's long-arm statute." Carrier Corp. v. Outokumpu Oyj, 673 F.3d 430, 449-50 (6th Cir. 2012) (citing Med. Mut. of Ohio, 245 F.3d at 566-67) (internal quotations omitted).

A party is subject to the personal jurisdiction of the Court through either general or specific jurisdiction. See J. McIntyre Machinery, Ltd. v. Nicastro, 131 S. Ct. 2780, 2787-89 (2011). Whether general or specific jurisdiction exists turns on the nature of the defendant's contacts with the forum. In its response to Schaeffler AG's motion to dismiss, Florida argues that personal jurisdiction exists under both theories.

Importantly, in an Opinion and Order dated July 3, 2014, the Court found that it could not exercise personal jurisdiction over Schaeffler AG with respect to the complaints of the Direct Purchaser Plaintiffs, Automobile Dealership Plaintiffs, and the End-Payor Plaintiffs ("Class Plaintiffs") in the Bearings cases. Specifically, it concluded that Class Plaintiffs' alter ego theory of jurisdiction failed because "bare allegations that Schaeffler AG exercises dominion over Schaeffler USA are insufficient for this Court to exercise general personal jurisdiction over Schaeffler AG . . . ." (Case No. 12-500, Doc. No. 149 at 8). In addition, with respect to specific jurisdiction, it noted that "Schaeffler AG has virtually no contacts in the United States other than through Schaeffler USA, a subsidiary upon which Schaeffler AG exercises no day-to-day control." (Id. at 12). The Court relied on the affidavits of several corporate executives refuting the Class Plaintiffs' allegations that several executives performed key roles in both companies, which Class Plaintiffs failed to refute. (Id. at 2-3, 7-8). Therefore, the Court could not exercise personal jurisdiction over Schaeffler AG because it lacks sufficient minimum contacts with the United States.

The allegations set forth in Florida's complaint mirror those alleged in the Class Plaintiffs' complaints. The Court has already found those allegations insufficient for it to exercise personal jurisdiction over Schaeffler AG in this matter, and Florida has failed to establish any distinction. Florida did not provide any additional jurisdictional allegations or evidence to bolster its contention. Like the Class Plaintiffs, Florida relies on bare allegations of Schaeffler AG's contacts with the United States and its alleged control over Schaeffler USA. Thus, the Court adopts its analysis set forth in its July 3, 2014 Opinion and Order and finds that Florida failed to establish that Scheaffler AG maintains sufficient minimum contacts with the United States for this Court to exercise personal jurisdiction.

IV. CONCLUSION

Accordingly, Defendant's motion is **GRANTED,** and Schaeffler AG is **DISMISSED**.

**IT IS SO ORDERED.**


Date:   March 2, 2015                                s/Marianne O. Battani
                                                    MARIANNE O. BATTANI
                                                    United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 2, 2015.

                                                    s/ Kay Doaks
                                                    Case Manager